NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0516n.06

Nos. 25-1297/1303

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| GERALD BASS, | ) ) | OPINION |
| Defendant-Appellant. | ) ) | |

Before: MOORE, BUSH, and DAVIS, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. In 2014, the district court sentenced Gerald Bass to 264 months in prison for identity theft and fraud. *United States v. Bass*, 785 F.3d 1043, 1046 (6th Cir. 2015). After the Sentencing Commission amended the Guidelines in 2023, Bass moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), which the district court denied using a form order. We find no abuse of discretion in the refusal to reduce the sentence nor in the use of the form order, so we **AFFIRM**.

**I.**

In 2011, Bass was implicated as the ringleader of a large credit card fraud scheme. *Id.* After a jury convicted Bass, the district court determined that Bass's criminal history category was a VI, his offense level was a 25, and the Guidelines range was 110 to 137 months. *Id.* at 1048. One of the crimes came with a mandatory two-year sentence consecutive to all others, so the Guidelines range was effectively 134 to 161 months. But the district court ultimately imposed an upward variance to 264 months in prison (the statutory maximum) because it was "required to

protect the public from further criminal activity by Bass." *Id.* We affirmed that sentence on direct appeal in 2015. *Id.* at 1052. Since then, Bass has unsuccessfully collaterally attacked his sentence five times.

Bass's motion for a sentence reduction is collateral attack number six. In November 2023, the Sentencing Commission issued Amendment 821, which retroactively decreased certain defendants' criminal history scores. *See* U.S.S.G. amend. 821, pt. A; *id.* § 1B1.10(a)(1); *United States v. Erker*, 129 F.4th 966, 979–80 (6th Cir. 2025). As applied to Bass, Amendment 821 would have reduced the effective Guidelines range to 124 to 149 months. So Bass moved to reduce his sentence in the district court under 18 U.S.C. § 3852(c)(2). Bass also filed a pro se motion to compel the public defender to communicate with Bass about how to pursue a reduced sentence. The parties agreed that Bass was eligible for this reduction, but the Government argued for denial of the reduction because Bass remains "a danger to the community." R. 253, Resp. in Opp. to Mot. for Reduction of Sentence, PageID 2904.

On February 11, 2025, the district court denied as moot the motion to compel because the public defender had filed the motion to reduce Bass's sentence. In that order, the district court also said that "the U.S. Probation Department issued a memorandum stating that Bass *did not* qualify for a sentencing reduction under the 2023 Guideline amendments." R. 255, Order, PageID 2922 (emphasis added). Two days later, on February 13, the district court denied the motion to reduce Bass's sentence on a form order (Form AO 247).

Bass moved to reconsider, arguing that the district court overlooked the Government's concession that Bass was eligible for a sentencing reduction. The district court amended the February 11 order to reflect that Bass was eligible for the sentencing reduction but otherwise denied the motion for reconsideration. The district court clarified that the February 11 order

contained a scrivener's error and that the court had "reviewed the Probation Department's recommendation before it denied Bass's motion for a sentencing reduction." R. 259, Order, PageID 2931. This timely appeal followed.

## II.

We review the district court's denial of a motion to reduce a prison sentence and the adequacy of its explanation for denying that motion for an abuse of discretion. *See United States v. Davis-Malone*, 128 F.4th 829, 833–34 (6th Cir.), *cert. denied*, 145 S. Ct. 2827 (2025). In the sentencing context, the district court abuses its discretion when it makes a significant procedural error or any other error of law, makes a clearly erroneous factual finding, fails to adequately explain its reasoning, or imposes an otherwise arbitrary or unreasonable sentence. *See United States v. Studabaker*, 578 F.3d 423, 430–31 (6th Cir. 2009); *United States v. Mahbub*, 818 F.3d 213, 232 (6th Cir. 2016).

## III.

Courts conduct a two-step analysis when reviewing a motion to reduce a sentence. *First*, the court must determine whether the defendant is eligible for the reduced sentence. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). *Second*, it must consider whether, in its discretion, the defendant is entitled to a sentencing reduction after reviewing the factors in 18 U.S.C. § 3553(a) and the defendant's conduct in prison. *Id.* at 826–27; *Davis-Malone*, 128 F.4th at 832. The district court need not conduct this analysis in any specific way, but it "must adequately explain the chosen sentence to allow for meaningful appellate review." *Chavez-Meza v. United States*, 585 U.S. 109, 115–16 (2018) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

We can quickly reject Bass's first argument that the district court erred in denying the sentence reduction based on an incorrect view that Bass was ineligible for it. Although the district

court did originally indicate that view in a prior order, that order contained a scrivener's error that the district court corrected on reconsideration. Also, the district court explicitly said that it had "reviewed the Probation Department's recommendation"—which included the finding that Bass was eligible for the reduction—"before it denied Bass's motion for a sentencing reduction." R. 259, Order, PageID 2931. Bass presents no evidence to the contrary, so there is no basis for concluding that the district court denied the motion based on a misunderstanding over Bass's eligibility for the sentencing reduction.

We similarly reject Bass's argument that the district court abused its discretion in using Form AO 247 to deny the motion to reduce his sentence.[1]

When determining whether the district court's explanation of its decision is adequate, we look at "the circumstances of the particular case." *Chavez-Meza*, 585 U.S. at 116. At its core, our review looks to whether the district court adequately considered "[t]he uniqueness of the individual case" based on the record before it. *Gall*, 552 U.S. at 52. A district court's explanation is not inadequate simply because it did not mention a specific factor in the order denying the sentencing reduction. *Davis-Malone*, 128 F.4th at 835. Instead, we look at the whole record, including prior proceedings in the same case, to determine whether the district court adequately considered the relevant factors. *See id.* This is a context-driven inquiry: straightforwardly applying the

---

[1] The Supreme Court expressly declined to decide whether the district court is required to provide an explanation in a § 3582(c)(2) proceeding. *Chavez-Meza*, 585 U.S. at 115. Also, the fact that § 3582(c)(2) does not explicitly require a district court to provide reasoning for its decision, but § 3553(c) does, suggests that Congress imposed no such requirement. *See, e.g.*, *Pulsifer v. United States*, 601 U.S. 124, 149 (2024) (discussing how different terms in the same statute will carry different meanings). We need not resolve the issue here, though, given our determination that the district court's use of Form AO 247 provided an adequate explanation, assuming one was required.

Guidelines will usually require less of an explanation than a drastic upward (or downward) variance. *See Rita v. United States*, 551 U.S. 338, 356–57 (2007).

We upheld using a form order less than one year ago in *Davis-Malone*. There, the defendant was sentenced to 60 months in prison for felon in possession of a firearm, a downward variance from the Guidelines range of 70 to 87 months. *Davis-Malone*, 128 F.4th at 831. Then, invoking Amendment 821, the defendant moved for a reduced sentence, but the district court denied the motion because it was at the lower end of the new Guidelines range. *Id.* We concluded that the district court's detailed sentencing colloquy during the original sentence was enough to demonstrate why the district court would have been unwilling to reduce the sentence any further. *See id.* at 834–35.

*Davis-Malone* is consistent with *Chavez-Meza*, a case in which the Supreme Court upheld a form order in circumstances very similar to this one. 585 U.S. at 119–20. The defendant in *Chavez-Meza* pled guilty to possession with intent to distribute, and the district court imposed a sentence at the low end of the Guidelines range. *Id.* at 114. When the Sentencing Commission lowered the Guidelines range, the district court reduced the defendant's sentence from 135 months to 114 months, but the sentence still was slightly higher than the low end of the Guidelines range. *Id.* The district court issued its decision on a form order, prompting the defendant to seek further explanation for why his sentence was not lower. *Id.* at 114–15. The Supreme Court concluded that the form order provided enough explanation because the district court had expressly considered several important relevant factors at the original sentence, and that same record was before the district court during the reduction proceedings. *Id.* at 118–19. Indeed, it "was the same judge who had sentenced [the defendant] originally." *Id.* at 118. So there was no requirement for the district court to rehash its reasons for choosing the sentence.

We see no reason why this case should come out differently. The original sentencing transcript is 62 pages long. In it, the district court highlighted Bass's high level of involvement in over 100 instances of credit card fraud and identity theft, costing seven victims over $150,000. The court explained that Bass's crimes "are very, very, very serious and a real threat to our community, a continuing threat to our community, a danger to our community." R. 170, Sentencing Tr., PageID 2196. And the court noted that Bass had spent nearly his entire adult life committing fraud and identity theft, even after being sentenced to substantial prison terms. Importantly, the court said it was "clear that [Bass] cannot follow the law," "comply with the terms of probation," or "comply with the terms of supervised release." *Id.* at PageID 2198. Indeed, Bass had never held a job in his life—his sole source of income had been credit card fraud and identity theft. The court explained that "there is no doubt that [Bass] will . . . go out and engage in this activity again" after his release from prison, so the question for the court was "[h]ow long can [it] send [Bass] away to protect the public from [him]?" *Id.* at PageID 2204. And the district judge who said all of this is the same district judge who denied the motion to reduce Bass's sentence. These circumstances are very similar to those in *Davis-Malone* and *Chavez-Meza*, supporting the conclusion that the district court's use of the Form AO 247 was not an abuse of discretion.

That is particularly true given that the defendant's motion never addressed the concerns that animated the original sentence. The district court was concerned that Bass would never change his behavior, but the motion for a sentencing reduction focused on Bass's completing an average of two hours of educational programming per year and his relatively unblemished prison record. The motion ignored that one of his disciplinary infractions was for an assault just two years prior to filing the motion. This infraction only highlights the district court's concern that Bass will never

follow the law.  We do not believe that the district court needed to provide more of an explanation for its decision, given the state of the record.

## IV.

The district court did not abuse its discretion in refusing to decrease Bass's sentence, nor did it do so by relying on Form AO 247.  We therefore **AFFIRM** the district court.